
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | Case No. 15-40892 |
| **LAWRENCE EDWARD CREED** | § | |
| xxx-xx-8175 | § | |
| 1917 Fountain Spray, Wylie, TX  75098 | § § | |
| Debtor | § | Chapter 7 |
| CHRIS GERSTNER, d/b/a Resolute Services | § § § | |
| Plaintiff | § § | |
| v. | § | Adversary No. 15-4061 |
| LAWRENCE EDWARD CREED | § § § | |
| Defendant | § | |

**NOTICE AND ORDER REGARDING INITIAL PRE-TRIAL
PROCEDURES IN ADVERSARY PROCEEDING AND
<u>SCHEDULING OF TELEPHONIC MANAGEMENT CONFERENCE</u>**

**TO:  ALL ATTORNEYS OF RECORD AND ALL UNREPRESENTED PARTIES:**

Pursuant to Fed. R. Bankr. P. 7016(a),  **IT IS HEREBY ORDERED THAT**:

1. The parties to this adversary proceeding shall conduct the conference required under Fed. R. Bankr. P. 7026(f) no later than **14 days** prior to the date of the management conference established by this Order in order to consider the nature and basis of their respective claims and defenses, the possibilities for a prompt settlement or resolution of the case, to make

or arrange for the initial disclosures required under Fed. R. Bankr. P. 7026(a)(1), and to develop a proposed discovery plan for this adversary proceeding.

2. A party may not seek discovery from any source prior to the time that the Rule 7026(f) conference among the parties is conducted.

3. The proposed discovery plan shall be presented orally to the Court at the telephonic management conference established by this Order and the parties are hereby excused from submitting a written report regarding their proposed discovery plan.

4. The parties shall make their initial disclosures required under Fed. R.Bankr P. 7026(a)(1) no later than **7 days** prior to the date of the Management Conference established by this Order. Each party should file with the Court a "Notice of Initial Disclosure," without accompanying documentation, at the time that the initial disclosures are made by that party. Any party that, without substantial justification, fails to make its initial disclosures shall be subject to the sanctions set forth in Fed. R. Bankr. P. 7037(c)(1).

5. **The Management Conference in this adversary proceeding shall be conducted by telephonic means on the morning of Monday, November 16, 2015. A precise time for this telephonic management conference will be assigned and transmitted to all parties at the time of their respective communications with the Courtroom Deputy as required under ¶ 6 of this Order.**

6. The trial attorneys who will actually present the case in Court and any unrepresented parties are required to participate in the telephonic management conference. To assist the Court's staff in establishing proper communication links for the management conference, the following procedures will be observed:

    a. Each attorney and any unrepresented party will be contacted by the Courtroom Deputy within two days of the scheduled date of the management conference. At that time, each party will be provided with the designated conference time and the telephone number to be utilized.

    b. The Courtroom Deputy may be contacted as follows:
        Ms. Chasha Traylor
        Phone: (903) 590-3237
        or
        Email: **Chasha_Traylor@txeb.uscourts.gov**

    c. Only land-based telephone lines are to be utilized by the parties in any conference call established by the Court in order to improve the quality of the recorded proceeding. Use of cellular telephones to participate in the conference will not be permitted.

    d. Parties participating in any conference call established by the Court must utilize handsets and the use of speakerphones will not be permitted.

7. Each attorney and any unrepresented party shall be prepared to present their proposed discovery plan to the Court at the telephonic management conference and to discuss and make binding agreements concerning the following matters:

    a. Any need for additional parties and the setting of deadlines for such action;
    b. Anticipated discovery and deadlines and limitations pertaining thereto;
    c. Anticipated pre-trial motions (if any) and deadlines for filing same;
    d. Preparation and contents of pre-trial orders;

    e. Discussion of other pre-trial requirements, including the exchange of exhibits, deadlines for objections to designated exhibits and depositions, and the necessity for further pre-trial conferences; and

    f. Good faith estimates of trial time and the selection of a firm trial date.

8. Attorneys are instructed to bring their calendars so that a firm trial date can be selected.

9. The Court views the scheduled management conference and the pre-trial procedures established by this Order and the Federal Rules of Bankruptcy Procedure as important steps in the pre-trial process. Any failure to comply with the terms of this Order or the requirements of the Federal Rules of Bankruptcy Procedure, or a failure to participate in good faith in the management conference may result in the imposition of sanctions by the Court upon any party or any attorney for any party pursuant to Federal Rules of Bankruptcy Procedure 7016 and 7037, or any other applicable authority.

Signed on 08/26/2015

*[Signature: Bill Parker]*      CT

THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE